LUJAN AGUIGUI & PEREZ LLP
Attorneys at Law
DNA Building, Suite 300
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone (671) 477-8064/5
Facsimile (671) 477-5297

*Attorneys for Defendant Leilani C. Hocog*

FILED
DISTRICT COURT OF GUAM
NOV 0 9 2007
JEANNE G. QUINATA
Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. CR06-00034 |
| vs. | **DEFENDANT'S RESPONSE TO THE FINAL PRESENTENCE INVESTIGATION REPORT** |
| LEILANI CHRISTINE HOCOG, | |
| Defendant. | |

Page 1 of 3
USA vs. Leilani C. Hocog
Criminal Case No. CR06-00034
DEFENDANT'S RESPONSE TO THE FINAL PRESENTENCE INVESTIGATION REPORT

Case 1:06-cr-00034   Document 37   Filed 11/09/2007   Page 1 of 3

The Defendant responds to the Final Presentence Investigation Report submitted on September 16, 2007, as follows, *inter alia*:

1. Paragraphs 23-30, *The Offense Conduct*: Defendant admits to all stipulated facts in her Plea Agreement, paragraphs 5(a) through (d). The Defendant objects to any other facts alleged which may detrimentally impact her sentence, including but not limited to any facts alleged in PSR paragraphs 23-30 which have not been proved by the Government.
2. Paragraph 44: Defendant asserts that an additional one-level acceptance of responsibility decrease is proper pursuant to U.S.S.G 3E1.1(b).
3. Paragraph 90: Defendant asserts that the Government has an obligation to file a U.S.S.G. 5K1.1 downward departure motion.

Defendant and the Government entered into a Plea agreement on or about August 21, 2006. Pursuant to the terms contained therein, including specifically paragraph 4(b), the parties envisioned that the Defendant would cooperate with authorities, the goal being that she would provide "substantial assistance." Defendant asserts she has provided substantial assistance requiring the Government to file a 5K1.1 downward departure motion. Alternatively, the Defendant asserts that she should receive a 5K1.1 downward departure for attempted cooperation.

Alternatively, the Court should *sua sponte* depart downward based upon the Government's bad faith.[1] The Defendant has always been ready, willing, and able to do whatever was necessary for her to provide substantial assistance. In fact, the Defendant has cooperated substantially having been debriefed at least seven (7) times and having worked with numerous agents. Plans had been arranged to pursue specific targets which were time sensitive. However, because of agent unavailability, certain "stings" were thwarted. The Defendant has called agents on a regular, if not daily basis. However, again, because of agent unavailability and/or negligence, the Government, should it decline to file a 5K1.1 downward departure motion prior to sentencing,

---

[1] Defendant asserts bad faith on the part of the Government's agents.

has in bad faith deprived the Defendant of the contractually negotiated benefits of her Plea Agreement, specifically, the opportunity to provide "substantial assistance."

The Ninth Circuit has stated: "although the government has discretion to decide whether or not to file the [5K1.1] motion, it does not have the last and only word on whether the defendant provided substantial assistance..." If a defendant protests the government's refusal to file the motion and that the government is acting in bad faith in refusing to file a motion, a factual dispute arises and the district court can determine whether in fact the defendant did provide substantial assistance as part of a bad faith determination. *United States v. Mikaelian,* 168 F.3d 380 (9th Cir. 1999), amended, 180 F.3d 1091 (9th Cir. 1999). The Court has the authority to depart downward based upon a defendant's substantial assistance even in the absence of a government motion. *United States v. Khoury,* 63 F.3d 1138, 1141 (9th Cir. 1995), *United States v. Treleaven,* 458 F.3d 458 (9th Cir. 1994), *United States v. Paramo,* 988 F.2d 1212 (3d Cir. 1993), *cert denied,* 510 U.S. 1121, 114 S.Ct. 1076, 127 L.Ed.2d 393 (1994).

Dated this 9th day of November, 2007.

LUJAN AGUIGUI & PEREZ LLP

By: /s/ *[signature]*
PETER C. PEREZ, ESQ.
*Attorney for Defendant Leilani C. Hocog*

H-0008-1/202-01/0202/PCP: wdj