
ORIGINAL

| | |
|---|---|
| LEONARDO M. RAPADAS<br>United States Attorney<br>ROSETTA L. SAN NICOLAS<br>Assistant U.S. Attorney<br>Suite 500, Sirena Plaza<br>108 Hernan Cortez Avenue<br>Hagåtña, Guam 96910<br>Telephone: (671) 472-7332<br>Telecopier: (671) 472-7334 | **FILED**<br>DISTRICT COURT OF GUAM<br><br>APR 0 7 2008<br><br>JEANNE G. QUINATA<br>Clerk of Court |

Attorneys for United States of America

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>LEILANI C. HOCOG,<br><br>    Defendant. | CRIMINAL CASE NO. 06-00034<br><br>MEMORANDUM RE: 5K1.1 |

COMES NOW the United States, and respectfully requests this court to sentence defendant Leilani C. Hocog pursuant to the statutorily mandated term of imprisonment of ten years.

### STATEMENT OF FACTS

On April 29, 2006, a Federal Express package was intercepted by Drug Enforcement Administration ("DEA"). The package contained approximately 115 gross grams of methamphetamine hydrochloride. The package was shipped from San Francisco, California to Guam. Drug detector dogs alerted to the package. D.E.A. Agents removed the methamphetamine and replaced it with a sham product and an electronic tracking device and the package was placed back into the mail delivery system. The methamphetamine was packaged in cellophane wrappers and also contained a note *"Elle, please @$340 maybe you can do 400 Bcuz quality good!"*

On May 1, 2006, two women drove up to Federal Express. The passenger, Michelle Santos, claimed the package and handed it to defendant Leilani C. Hocog (driver). Leiliani C. Hocog manipulated the package by bending it back and forth. Both women were arrested. Search of the vehicle revealed that Leilani C. Hocog's purse contained methamphetamine wrapped in cellophane wrapper identical in composition to that found in the Federal Express package. The passenger Michelle Santos reported that she was instructed by Leilani C. Hocog to sign for the package and that she was instructed by Leilani C. Hocog to send $6,000 to California through Western Union.

Defendant Leiliani C. Hocog was charged by Complaint on May 2, 2006 with Attempted Possession with Intent to Distribute Methamphetamine in violation of Title 21, U.S.C. §§ 841(a)(1) and 846. On May 10, 2006, a Federal Grand Jury returned a True bill to this offense. On June 14, 2006 laboratory results were returned which report that the amount of methamphetamine was 49.4 grams (actual).

On August 21, 2006, defendant's Plea Agreement was lodged with the court along with an Application to Seal Plea Agreement and an Order. The Order granting the application to seal plea agreement was granted on August 23rd, 2006 by the Honorable Ronald B. Leighton, Designated Judge, District Court of Guam.

On August 22, 2006, Defendant pled guilty to an Information to the offense of attempted possession of five or more grams of methamphetamine hydrochloride with intent to distribute. The original Indictment was dismissed on May 4, 2007.

Defendant's plea agreement advises the defendant of the mandatory minimum term of incarceration of ten years. If the defendant cooperates, the government will recommend the defendant receive the statutory minimum term of incarceration. If the defendant provides "substantial assistance" as defined by the Sentencing Guidelines 5K1.1, the Government will request the Court to depart below the statutory minimum of ten years. The determination whether the defendant has provided substantial assistance is made by the U.S. Attorney's Office.

On November 9, 2007, defendant filed a Defendant's Response to the Final Presentence Investigation Report arguing that the defendant has provided substantial assistance and that the Government is required to move for a 5K1.1 downward departure. In the alternative, the defendant asserts that she should receive a 5K1.1 downward departure for attempted cooperation citing U.S. v. Mikaelian, 168 F.3d 380 (9th Cir. 1999), U.S. v. Khoury, 62 F.3d 1138 (9th Cir. 1995), and U.S. v. Treleaven, 35 F.3d 458 (9th Cir. 1994) and a case from the 3rd Circuit U.S. v. Paramo, 988 F.2d 1212.

On March 20, 2008, the Honorable Frances Tydingco-Gatewood conducted a Sentencing Hearing which continued to April 1, 2008. A further hearing is calendared for continuance on April 8, 2008.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. THE GOVERNMENT'S REFUSAL TO FILE A 5K1.1 MOTION IS NOT BASED ON AN IMPERMISSIBLE UNCONSTITUTIONAL MOTIVE.

Defendant contends that the federal District Court should grant a motion for downward departure because the Government has acted in "bad faith". This, however is not the standard.[1] The District Court's authority to provide a remedy is limited unless the Government's refusal to file a 5K1.1 motion is based on an unconstitutional motive.

In Wade v. U.S., 112 S. Ct. 1840 (1992), the United States Supreme Court stated: "We hold that federal district courts have authority to review a prosecutor's refusal to file a substantial assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive. Thus, a defendant would be entitled to relief if a prosecutor refused to file a substantial-assistance motion, say, because of the defendant's race or religion. It follows

---

[1] "However, "bad faith" is not the relevant standard; although the government may have in good faith believed they could refuse to make a § 5K1.1 motion, it is their **unconstitutional motive** for doing so which allows the district court to act on its own." U.S. v. Khoury, 62 f.3d 1138 (9th Cir. 1995) (emphasis added.)

-3-

that a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive. See, e.g., *United States v. Redondo-Lemos*, 955 F.2d 1296, 1302-1303 (CA9 1992); *United States v. Jacob*, 781 F.2d 643, 646-647 (CA8 1986); United States v. Gallegos-Curiel, 681 F.2d 1164, 1169 (CA9 1982)(Kennedy, J.); United States v. Berrios, 501 F.2d 1207, 1211 (CA2 1974). Indeed, Wade concedes that a defendant has no right to discovery or an evidentiary hearing unless he makes a "substantial threshold showing." Wade v. U.S., 112 S. Ct. 1840, 1844 (1992).

Here, defense argues that the Government's Agents failed to value of Leilani C. Hocog's information and refused to act on that information, failed to keep debriefing notes, failed to respond to her phone calls, and the Government failed to seal the plea agreement thereby frustrating her cooperation efforts. He contends that defendant substantially cooperated, led the Agents to her source of supply, and placed her life at risk. However, defendant has failed to demonstrate that the Government refused to file a 5K1.1 motion based on an **unconstitutional motive**. Absent this proof, Defendant was not even entitled to an evidentiary hearing in the first place, and the federal District Court is without authority to grant a downward departure.

## II. THE DISTRICT COURT LACKS THE AUTHORITY TO DEPART DOWNWARD ABSENT A GOVERNMENT MOTION.

Without a motion by the Government for a downward departure, the District Court cannot depart from the statutory minimum of ten years. The authority of the District Court to depart is limited. The District Court is bound by the statutory limitations set forth in 18 U.S.C. § 3553(e) and under U.S.S.G. § 5K1.1.

18 U.S.C. 3553(e) states as follows:

> "(e) Limited authority to impose a sentence below a statutory minimum. **Upon motion of the Government**, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing commission pursuant to section 994 of title 28,

-4-

United States Code." (Emphasis added.)

The U.S.S.G. § 5K1.1 states as follows:

"Substantial Assistance to Authorities (Policy Statement).

**Upon motion of the government** stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines." (Emphasis added.)

The commentary also states:

"3. Substantial weight should be given to the government's evaluation of the extent of the defendant's assistance, particularly where the extent and value of the assistance are difficult to ascertain."

As stated in Wade v. U.S., 112 S. Ct. 1840, 1844 (1992), "Wade's position is consistent with the view, which we think is clearly correct, that in both § 3553(e) and § 5K1.1 the condition limiting the court's authority gives the Government a power, not a duty, to file a motion when a defendant has substantially assisted."

A District Court may not depart downward from the guidelines on the basis of defendant's substantial assistance to the government unless the government has moved for such a departure. United States v. Mikaelian, 168 F.3d 380, 385 (9th Cir. 1999).

The Government has not refused to file a motion for downward departure based on an impermissible motive. Simply put, the defendant Leilani C. Hocog has not provided substantial assistance as defined in U.S.S.G. § 5K1.1. Her list of potential targets illustrates this point. Leilani C. Hocog's list contains two persons who are working for the government (cooperating individuals), people who are already prosecuted and incarcerated, and persons that the Government was already targeting. Her information is therefore not the type of information which in the Government's discretion would warrant a motion to depart based on substantial assistance. This decision whether to file a motion for substantial assistance is properly left to the executive branch as it involves issues of resource allocation and law enforcement priorities.

## CONCLUSION

The Court should sentence the defendant to the statutory term of incarceration of ten years. The government's refusal to file a 5K1.1 motion for departure is not based on an impermissible unconstitutional motive. Since the decision not to file a motion under 5K1.1 is not based on an unconstitutional motive, the federal District Court's authority to depart downward is limited.

Respectfully submitted this 7th day of April, 2008.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By: _____
ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney